UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>1) HOSSEIN KALANI AFSHARI<br>2) MOHAMMAD HOSSEIN OMIDVAR<br>3) HASSAN REZAIE<br>4) ROYA RAHMANI<br>5) NAVID TAJ<br>6) MOUSTAFA AHMADY<br>7) ALIREZA MOHAMMADMORADI<br><br>Defendants. | Case No. CR 01-209-DOC<br><br>ORDER DENYING MOTION BY DEFENDANT RAHMANI TO DISMISS COUNTS 28-30 FOR ALLEGING CRIMINAL ACTIVITY IN A FOREIGN CONSULATE |

This matter has come before the Court on the motion filed July 15, 2008 by defendant Roya Rahmani to dismiss Counts 28-30 for failure to state an offense and because they violate the Due Process Clause of the Fifth Amendment to the United States Constitution (Motion No. 15). Doc. No. 803.

In Counts 28-30, it is alleged that defendant Rahmani violated 18 U.S.C. § 1546 by using fraudulently obtained immigration documents to obtain visas from the Swiss consulate office in Los Angeles, California.

Defendant contends that Counts 28-30 must be dismissed because § 1546 does not apply to acts that occur on the consular premises of a foreign state or, alternatively, if § 1546 does

1  so apply it is unconstitutionally vague in that it fails to provide adequate notice that it applies to such
2  conduct.

3        Defendant contends that based on Article 31.1 of the Vienna Convention on Consular Relations of 1963 ("Vienna Convention"), consular premises of a foreign State "shall be inviolable." Vienna Convention of Consular Relations, art. 31, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 ("Article 31"). However, that inviolability is not absolute. On the contrary, Article 31 provides the extent to which consular premises are inviolable. Article 31.1. The inviolability applies to prohibit entry by the receiving State to "that part of the consular premises which is used exclusively for the purpose of the work of the consular post," Article 31.2, and immunizes from requisition "[t]he consular premises, their furnishings, the property of the consular post and its means of transport." Article 31.4. As such, it does not appear that Article 31 of the Vienna Convention presents any obstacle to the application of 18 U.S.C. § 1546 to defendant Rahmani's alleged conduct.

      Moreover, foreign embassies and consulates located within the United States are within the territorial jurisdiction of the United States. *United States v. Corey*, 232 F.3d 1166, 1182 (9th Cir. 2000).

      Defendant argues that § 1546 is unconstitutionally vague because a reasonable person would not expect it to apply to conduct occurring within a foreign consulate on American soil. However, it provides reasonable notice that it prohibits the use of a fraudulently obtained immigration document and contains no language that would lead a reasonable person to believe that it is inapplicable to conduct occurring within a foreign consulate on American soil.

      Accordingly,

      IT IS ORDERED that the motion by defendant Roya Rahmani to dismiss Counts 28-30 for failure to state an offense and because they violate the Due Process Clause of the Fifth Amendment to the United States Constitution (Motion No. 15) (Doc. No. 803) is denied.

Dated: March 17, 2009

_____
DAVID O. CARTER
United States District Judge

2